**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Robert W. Walp,** | Case No. 4:18cv897 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | **Magistrate Judge George J. Limbert** |
| **Andrew Saul,** | |
| **Commissioner of Social Security**[1] | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Objections of Plaintiff Robert W. Walp ("Plaintiff" or "Walp") to the Report and Recommendation of Magistrate Judge George J. Limbert regarding Plaintiff's request for judicial review of Defendant Commissioner of the Social Security Administration's ("Defendant" or "Commissioner") denial of his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. (Doc. No. 17.) For the reasons that follow, Plaintiff's Objections are overruled, the Report & Recommendation ("R&R") is accepted, and the Commissioner's decision is affirmed.

**I.   Background**

In October 2014, Plaintiff filed his applications for DIB and SSI, alleging a disability onset date of June 30, 2014. (Doc. No. 10 (Transcript ["Tr."] ) at 11.) The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.*) On May 17, 2017, the ALJ conducted a hearing at which Plaintiff was represented by

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

counsel and testified. (*Id.*) A vocational expert ("VE") also testified. (*Id.*) On June 16, 2017, the ALJ found Plaintiff was not disabled. (Tr. 11-26.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a Report and Recommendation. The R & R concludes that the ALJ's decision is supported by substantial evidence and recommends that the decision be affirmed. (Doc. No. 16.)

Plaintiff raises one objection to the R & R, i.e., that the Magistrate Judge failed to "reconcile [a] logical inconsistency" between the ALJ's finding of marked limitations in the area of interacting with others in his analysis of Listing 12.08, and moderate limitations in this area in his Residual Functional Capacity ("RFC") analysis. (Doc. No. 17.) The Court has conducted a *de novo* review of the issues raised in Plaintiff's Objections.

**II.     Analysis**

    **A.     Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926 at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, 2015 WL 5316216 at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell,* 1994 WL 532926 at *1). *See also* Fed. R. Civ. P.

72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process.[2] 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 Fed. Appx. 516, 521 (6th

---

[2] Under this five step review, the claimant must first demonstrate that she is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) and 416.920(d). Before considering step four, the ALJ must determine the claimant's residual functional capacity; i.e., the claimant's ability to do physical and mental work activities on a sustained basis despite limitations from his/her impairments. 20 C.F.R. § 404.1520(e) and 416.930(e). At the fourth step, if the claimant's impairment or combination of impairments does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g). *See Abbot*, 905 F.2d at 923.

Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B.     Plaintiff's Objection to the R&R[3]**

In his sole Objection, Plaintiff argues that the Magistrate Judge failed to adequately address a "logical inconsistency" in the ALJ's findings regarding Plaintiff's ability to interact with others. (Doc. No. 17.) Specifically, Plaintiff notes that, while the ALJ assessed marked limitations in this area in the context of evaluating whether Plaintiff met or equaled Listing 12.08, the ALJ proceeded to assess a Residual Functional Capacity ("RFC") that imposed only "overall" moderate limitations in social functioning. (*Id.*) Plaintiff argues that this error is not harmless because "[i]f a marked limitation in interaction would have translated to a residual functional capacity for no interaction with others, then no jobs would exist for such an individual to perform, per the vocational expert testimony at hearing." (*Id.* at 2.)

---

[3] The Magistrate Judge's thorough recitation of the medical and opinion evidence need not be repeated and is incorporated herein.

4

Here, at step two, the ALJ found that Plaintiff suffered from the severe mental impairments of "conduct disorder/intermittent explosive disorder/impulse control disorder, and depression/bipolar disorder." (Tr. 14.) At step three, the ALJ found that Plaintiff did not meet or equal the requirements of Listing 12.08. (Tr. 14-15.) In relevant part, the ALJ concluded as follows:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.08. In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately or effectively, on a sustained basis.
>
> \*\*\*
>
> **In interacting with others, the claimant has marked limitations**. The claimant testified that he has significant impulse control and anger issues, and he has been to jail for incidents such as fighting with two police officers and fighting with a customer at a past job (hearing testimony). **The undersigned concludes that he has marked limitations in social functioning based on these issues, but finds that he can nevertheless work in a job with occasional and superficial interaction with co-workers, and no contact with the public, as discussed in greater detail below**.

(Tr. 14-15) (emphasis added).

At step four, the ALJ proceeded to consider the hearing testimony, medical evidence, and opinion evidence regarding Plaintiff's physical and mental limitations. (Tr. 16-19.) The ALJ acknowledged Plaintiff's statements that he could not work because of "extreme anger" and an inability to work well with others. (Tr. 16.) In addition, the ALJ noted Plaintiff's history of incarcerations for disorderly conduct and assault. (Tr. 16, 18.) The ALJ then discussed the medical evidence regarding Plaintiff's mental impairments, including a psychiatric hospitalization in 2015

5

and counseling sessions in 2016. (Tr. 18.) While recognizing Plaintiff's complaints of anger and impulse control issues, the ALJ noted that Plaintiff had a "limited treatment history" and had "reported mostly mild symptoms to treating sources . . . without evidence of hallucinations, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation, or other serious issues."[4] (Tr. 18, 19.)

With regard to the opinion evidence, the ALJ accorded "significant weight" to the opinions of state agency reviewing psychologists Drs. Tangeman and Goldsmith,[5] finding:

> As for the opinion evidence, significant weight is given to the State agency psychological consultants' mental assessments, who assigned the claimant with moderate level mental limitations, such as occasional and superficial interpersonal contact in a low stress work environment (Exhibit 3A; 4A; 7A; 8A). These opinions are generally consistent with the above residual functional capacity, as well as the claimant's medical records and limited mental health treatment history. Additionally, the DDS consultants thoroughly reviewed the medical record and they are experts regarding Social Security Disability evaluation.

(Tr. 19.) The ALJ included the following mental limitations in the RFC: "[T]he claimant . . . [is] limited to the performance of simple, routine, and repetitive tasks; occasional and superficial interaction with co-workers, with superficial defined as no tasks involving arbitration, negotiation,

---

[4] Plaintiff does not argue that the ALJ's findings on these issues are not supported by substantial evidence and, thus, the Court deems this argument waived.

[5] In January 2015, state agency psychologist Dr. Tangeman completed a Psychiatric Review Technique ("PRT"), in which he concluded Plaintiff did not meet or equal the requirements of Listing 12.08. (Tr. 96.) As part of this analysis, Dr. Tangeman found Plaintiff had moderate difficulties in maintaining social functioning. (*Id.*) Dr. Tangeman also assessed Plaintiff's Mental RFC. (Tr. 99-101.) As part of this assessment, Dr. Tangeman found Plaintiff was markedly limited in his ability to interact appropriately with the general public, and moderately limited in his abilities to (1) get along with coworkers and (2) accept instructions and respond appropriately to criticism from supervisors. (Tr. 100.) Dr. Tangeman concluded Plaintiff could "relate appropriately as needed in everyday circumstances. He can relate on a superficial level with minimal public contact." (Tr. 101.) In September 2015, state agency psychologist Dr. Goldsmith also found Plaintiff did not meet or equal the requirements of Listing 12.08. (Tr. 130-131.) In assessing Plaintiff's Mental RFC, Dr. Goldsmith found Plaintiff had moderate limitations in interacting with the public, coworkers, and supervisors. (Tr. 135.) He concluded Plaintiff was "limited to occasional and superficial interpersonal contact." (*Id.*)

confrontation, directing the work of others, persuading others, or being responsible for the safety and welfare of others; no contact with the public; and limited to simple work-related decisions." (Tr. 16.)

Plaintiff argues remand is required because the ALJ's decision is internally and logically inconsistent as to the degree of limitation in the area of social functioning. The Court disagrees. At step three, the ALJ found Plaintiff had marked limitations in his ability to interact with others based on his impulse control and anger issues but expressly noted that, for purposes of the RFC, Plaintiff "can nevertheless work in a job with occasional and superficial interaction with co-workers, and no contact with the public." (Tr. 15.) The ALJ then proceeded to include these limitations in the RFC. (Tr. 16.) As both the Magistrate Judge and ALJ correctly note, these limitations are consistent with the opinion of Dr. Tangeman, who found Plaintiff had marked limitations in his ability to relate to the general public but only moderate limitations in his abilities to get along with co-workers and supervisors. (Tr. 100.) Dr. Goldsmith also concluded Plaintiff had moderate limitations in his abilities to relate to the others, finding he could "relate on a superficial level with minimal public contact" and "is limited to occasional and superficial interpersonal contact." (Tr. 135.) Moreover, in his RFC analysis, the ALJ explained his reasoning for not imposing more restrictive mental limitations, noting Plaintiff's "limited treatment history," improvement with therapy and medication, and generally mild reported symptoms.[6]

In light of the above, the Court agrees with the Magistrate Judge that the ALJ's decision is not logically inconsistent regarding the issue of Plaintiff's degree of limitation in social functioning. The ALJ accorded Plaintiff the benefit of imposing marked limitations in his ability to interact with

---

[6] Notably, Plaintiff does not direct this Court's attention to any medical source opinion that concludes either that Plaintiff met or equaled the requirements of Listing 12.08, or that additional mental RFC social limitations are warranted.

7

the general public, and adequately explained his reasoning for otherwise imposing moderate limitations in social functioning.[7]  Accordingly, Plaintiff's Objection is without merit and overruled.

### III. Conclusion

For all of the foregoing reasons, Plaintiff's Objection is overruled.  The Court accepts the Magistrate Judge's Report and Recommendation, and the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

Date:  August 14, 2019

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[7] In his Objection, Plaintiff does not argue that remand is required because the ALJ failed to include more restrictive limitations relating to his ability to interact with supervisors. Therefore, the Court deems this argument waived.